**EXHIBIT 1**



**CT Corporation**
**Service of Process Notification**
08/02/2022
CT Log Number 542043718

## Service of Process Transmittal Summary

TO:     KIM LUNDY- EMAIL
        Walmart Inc.
        GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
        BENTONVILLE, AR 72712-3148

RE:     **Process Served in South Carolina**

FOR:    Wal-Mart Stores East, LP  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Re: HACKETT GLORIA BRADLEY // To: Wal-Mart Stores East, LP |
| DOCUMENT(S) SERVED: | Letter, Summons, Complaint, Standard and First Set of Interrogatories, First Requests |
| COURT/AGENCY: | Beaufort County Court of Common Pleas, SC Case # 2022CP0701388 |
| NATURE OF ACTION: | Personal Injury - Slip/Trip and Fall - 07/30/2021, Store #6395, at 4 Bluffton Road, Bluffton, South Carolina 29910 |
| PROCESS SERVED ON: | CT Corporation System, Columbia, SC |
| DATE/METHOD OF SERVICE: | By Traceable Mail on 08/02/2022 postmarked on 07/29/2022 |
| JURISDICTION SERVED: | South Carolina |
| APPEARANCE OR ANSWER DUE: | Within 30 days after the service hereof, exclusive of the day of service (Document(s) may contain additional answer dates) |
| ATTORNEY(S)/SENDER(S): | Gus A. Anastopoulo Gus Anastopoulo Law Firm, LLC 215 East Bay Street, Suite 403A Charleston, SC 29401 843-310-5555 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 08/03/2022, Expected Purge Date: 08/13/2022 |
| | Image SOP |
| REGISTERED AGENT CONTACT: | C T Corporation System 2 Office Park Court Suite 103 Columbia, SC 29223 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
08/02/2022
CT Log Number 542043718

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



USPS CERTIFIED MAIL™

CHARLESTON SC 294

Gus Anastopoulo Law Firm, LLC
215 E BAY ST STE 403A
CHARLESTON SC 29401-2637

$13.84   US POSTAGE
FIRST-CLASS
Jul 29 2022
Mailed from ZIP 29401
3.5 oz First-Class Mail Letter

11923276

062S0012913542

**USPS CERTIFIED MAIL**

9436 0118 9876 5871 6002 50

RESTRICTED
DELIVERY

Walmart Stores East LP
c/o CT Corporation System
2 OFFICE PARK CT STE 103
COLUMBIA SC 29223-5948



(843) 310-5555 Phone
(843) 459-7964 Fax
gus@guslawsc.com Email

July 29, 2022

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Walmart Stores, East LP d/b/a Walmart Supercenter #632
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29923

RE:     Gloria Bradley- Hackett v. Wal-Mart Stores East, LP d/b/a Walmart Supercenter #6395
        Case No.: 2022-CP-07-01388

Dear Sir or Madam:

Enclosed for service upon you the Registered Agent for Wal-Mart Stores East LP d/b/a Walmart Supercenter #6395 please find (1) copy each of the filed Summons and Complaint in the above referenced matter, together with Plaintiff's First Set of Interrogatories and Plaintiff's First Requests for Production. **Upon receipt, please forward these time-sensitive documents to your personal attorney and/or insurance carrier.**

Sincerely,

Gus A. Anastopoulo, Esq.

ELECTRONICALLY FILED - 2022 Jul 28 9:28 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0701388

IN THE STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
COUNTY OF BEAUFORT )   FOR THE 14TH JUDICIAL CIRCUIT
CASE NO: 2022-CP-07-_____

GLORIA BRADLEY-HACKETT,

               Plaintiff,

    v.                       **SUMMONS**
                           **(Jury Trial Demanded)**

WAL-MART STORES EAST, LP d/b/a
WALMART SUPERCENTER #6395,

               Defendant.

**TO:   THE DEFENDANT ABOVE NAMED**

    **YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action,

a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint

upon the Plaintiff or her attorney, Gus A. Anastopoulo, at his office, 215 East Bay Street, Suite

403A, Charleston, South Carolina, 29401, within (30) days after the service hereof, exclusive of

the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff

will apply to the court for the relief demanded in the Complaint.

    Dated at Charleston, South Carolina on the 28th day of July 2022.

                        GUS ANASTOPOULO LAW FIRM, LLC

                        *s/Gus Anastopoulo*
                        Gus A. Anastopoulo, Esquire
                        S.C. Bar No.: 103713
                        215 East Bay Street, Suite 403A
                        Charleston, SC 29401
                        (843) 310-5555
                        gus@guslawsc.com

ELECTRONICALLY FILED - 2022 Jul 28 9:28 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0701388

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF BEAUFORT )

GLORIA BRADLEY-HACKETT,

Plaintiff,

v.

WAL-MART STORES EAST, LP d/b/a
WALMART SUPERCENTER #6395,

Defendant.

IN THE COURT OF COMMON PLEAS
FOR THE 14TH JUDICIAL CIRCUIT
CASE NO: 2022-CP-07-_____

**COMPLAINT**
**(Jury Trial Demanded)**

## CASE SYNOPSIS

On July 30, 2021, Gloria Bradley-Hackett went to Walmart to do some shopping for the weekend. When Gloria arrived at the frozen food aisle, she walked towards the freezer when she slipped and fell falling squarely on her right shoulder and arm. There were no cones, no warning signs, and no Walmart personnel warning Gloria that the floor was wet and slippery. Fellow customers from inside the store immediately came to render aid and help, and they called an ambulance to the scene as it was obvious Gloria was immediately seriously injured.





Despite the apparent nature of Gloria's injuries resulting from the wet floor, it still took Walmart *over eight minutes after Gloria's fall* to finally warn their customers of the dangerous condition.

ELECTRONICALLY FILED - 2022 Jul 28 9:28 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP070701388

## PARTIES AND JURISDICTION

1. That the Plaintiff, Gloria Bradley-Hackett, (herein referred to as "Plaintiff") is a citizen and resident of Beaufort County, State of South Carolina.

2. That upon information and belief, Defendant Walmart Stores East, LP d/b/a Walmart Supercenter #6395 (herein referred to as "Walmart") is a partnership organized and existing under the laws of the state of Delaware, with its principal place of business in the state of Arkansas, and existing and doing business in and owning real property in Beaufort County, State of South Carolina.

3. That all references to "Walmart" collectively includes any and all employees, contractors, and/or agents acting on their behalf.

4. That the slip and fall which is the subject of this action occurred in Beaufort County, State of South Carolina.

5. That this Court has jurisdiction over the parties and the subject matter of this action.

## SPECIFIC AVERMENTS

6. That on or about July 30, 2021, Plaintiff was a customer, as an invitee and for the benefit of Walmart, at Walmart's place of business located at 4 Bluffton Road, Bluffton, SC 29910.

7. That on or about July 30, 2021, as Plaintiff was walking through Walmart's frozen food aisle she slipped on a clear, wet, slick substance left on the floor which caused her to lose her balance and fall to the floor, injuring her shoulder, neck, and other parts of her body.

8. That Walmart either knew or should have known that a clear, wet, slick substance left on the floor presented a danger to customers of Walmart business; or that Walmart created the dangerous condition.

ELECTRONICALLY FILED - 2022 Jul 28 9:28 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP701388

9.  That Plaintiff subsequently suffered an extreme high-impact collision with the ground, proximately resulting in severe and acute injuries requiring extensive medical treatment.

10. That Walmart owed a duty of care to Plaintiff and other patrons to maintain safe conditions on the premises, including but not limited to the area where Plaintiff fell.

11. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, wantonness, and acts and/or omissions of Walmart, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur various medical expenses, and has otherwise been damaged and injured.

12. That the fall and attendant injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent *per se,* grossly negligent, careless, reckless, willful, wanton and unlawful acts, and/or omissions of the Walmart in any one or more of the following ways:

      a.      In failing to observe the dangerous conditions upon the subject premises;

      b.      In failing to properly keep the floor clear of obstructions and slip hazards;

      c.      In failing to appreciate the gravity of the dangers associated with having slip hazards on the floor;

      d.      In failing to supervise in the correct cleaning and maintenance of the floor;

      e.      In failing to enact policies and procedures that would ensure the safety of licensees and invitees on the premises of Walmart's place of business;

      f.      In failing and omitting to take any precaution whatsoever of a reasonable nature to protect this Plaintiff from the dangers on the premises on the occasion that the Plaintiff was using the same;

ELECTRONICALLY FILED - 2022 Jul 28 9:28 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0701388

g.      In failing to use at least ordinary care to clean, monitor, or maintain the premises of Walmart in a manner to keep it safe;

h.      In failing to warn Plaintiff as to any dangers that may be present on Walmart's premises;

i.      In failing to use at least ordinary care to manage, direct, superintend, restrict, regulate, govern, administer, and/or oversee the management of Walmart's premises to keep it safe, clean, and not dangerous to customers; and

j.      In any such manner Plaintiff may discover through the discovery process or trial.

13. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of Walmart, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

a.      Plaintiff has been required to expend a significant amount of money for her medical care, treatment, and attendant services;

b.      Upon information and belief, the nature of Plaintiff's injuries will require her to expend a significant amount of money for her medical care, treatment, and attendant services in the future; and

c.      The pain of her injuries has resulted in her loss of enjoyment of life, mental and emotional distress, and change in her personality, all to the permanent detriment of her health and physical and mental well-being;

14. That Walmart's acts and omissions, as are set forth more fully above, show willful misconduct, malice, wantonness, and an entire want of care, raising a presumption of

Walmart's conscious indifference to the consequences of such acts and omissions.

15. That because of Walmart's acts and omission and the proximate harm resulting to Plaintiff, Plaintiff should be awarded punitive and actual damages in an amount to be determined by the trier of fact, in order to punish and penalize Walmart and to deter Walmart and others from similar behavior.

16. That upon information and belief, Plaintiff is entitled to judgment against Walmart for actual, compensatory, and exemplary or punitive damages for her personal injuries set forth herein an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, interest, and attorney's fees to which she may be entitled, to be determined by a jury.

**WHEREFORE**, Plaintiff prays for judgment against Walmart for an amount to be ascertained by the jury at the trial of this action for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post-judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper.

Respectfully submitted,

GUS ANASTOPOULO LAW FIRM, LLC

*s/Gus Anastopoulo*

Gus A. Anastopoulo, Esquire
S.C. Bar No.: 103713
215 East Bay Street, Suite 403A
Charleston, SC 29401
(843) 310-5555
gus@guslawsc.com

*Attorney for the Plaintiff*

Charleston, South Carolina
July 28, 2022

ELECTRONICALLY FILED - 2022 Jul 28 9:28 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0701388

IN THE STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
COUNTY OF BEAUFORT )    FOR THE 14TH JUDICIAL CIRCUIT
    CASE NO: 2022-CP-07-01388

GLORIA BRADLEY-HACKETT,

               Plaintiff,

      v.

WAL-MART STORES EAST, LP d/b/a
WALMART SUPERCENTER #6395,

               Defendant.

**PLAINTIFF'S STANDARD AND FIRST
SET OF INTERROGATORIES TO
DEFENDANT**

**TO:    THE ABOVE NAMED DEFENDANT, AND ALL COUNSEL OF RECORD:**

The Plaintiff GLORIA BRADLEY-HACKETT, (herein referred to as "Plaintiff") pursuant

to Rule 33 of the South Carolina Rules of Civil Procedure, hereby requests Defendant WAL-

MART STORES EAST, LP d/b/a WALMART SUPERCENTER #6395, (herein referred to as

"Defendant") answer under oath separately and fully in writing the following Interrogatories

within thirty (30) days after the service hereof. These interrogatories are deemed to be continuing,

and if complete answers to any of them are presently unavailable, supplemental answers are

required at the time the information becomes available and prior to trial.

## DEFINITIONS AND INSTRUCTIONS

A.     These requests are deemed to be continuing, such as to require Defendant to file and serve
supplemental answers should it learn of additional information called for by these requests
between the time of trial and the time its answers are filed. Said supplemental answers are
required to be served within a reasonable time after the discovery of such additional
information.

B.     You are under a duty to promptly amend prior responses to these requests if you obtain
information upon the basis of which you know the response was incorrect when made or
you know the response, though correct when made, is no longer true.

C.    "You", or "your" means Defendant Wal-Mart Stores East, LP d/b/a Walmart Supercenter #6395, its agents, partners, accountants, servants, employees, assignees, lessees, affiliates or anyone acting on their behalf, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

D.    "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity.

E.    "Identify" when used with respect to an individual, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

F.    "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its address(es); the address(es) of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization. If any of the above information is not available to Defendant, state any other available means of identifying such person.

G.    "Defendant" shall refer to Wal-Mart Stores East, LP d/b/a Walmart Supercenter #6395, its agents, partners, attorneys, accountants, servants, employees, assignees, lessees, affiliates or anyone acting on its behalf, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

## STANDARD INTERROGATORIES

1.    Give the names, addresses and telephone numbers of persons who may be witnesses concerning the facts of this action or who have knowledge of relevant facts concerning this incident, and indicate whether or not written or recorded statements have been taken from the witnesses, and indicate who has possession of such statements.

2.    For each person listed in response to the above Interrogatory, set forth either a summary sufficient to inform the Plaintiff of the important facts known to or observed by such witness or, if applicable, provide a copy of any written or recorded statements taken from such witnesses.

3.    Set forth a list of photographs, plats, sketches or other prepared documents in possession

of the Defendant, or counsel, that relates to the claim or defense in this case.

4. Set forth the names and addresses of all insurance companies which have liability insurance coverage or property damage coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

5. List the names, addresses, and telephone numbers of any individual whom you propose to use as an expert witness at the trial of this action and for each state in detail their qualifications to testify and the substance of his or her opinions and the basis for his or her opinion.

6. If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended Summons and Pleading reflecting the correct information.

## SUPPLEMENTAL INTERROGATORIES

1. Identify by name, address, and phone number the senior-most on-site person who, on July 30, 2021, had the power, authority, and responsibility to manage, direct, superintend, restrict, regulate, govern, administer, and/or oversee the management of the premises located at 4 Bluffton Road, Bluffton, SC 29910. This person is commonly known as the "General Manager."

2. Identify by name, address, and phone number the senior-most on-site person who, on July 30, 2021, had responsibility for cleaning, monitoring, and maintaining the premises located at 4 Bluffton Road, Bluffton, SC 29910.

3. As to each expert witness listed in response to Standard Interrogatory Number 5 above, please state:
   a. A complete statement of all opinions the witness will express and the basis and reasons for them;
   b. The data and other information considered by the witness in forming the opinions;
   c. A description of any exhibits the witness or counsel intends to introduce to summarize or support these opinions (to be provided in response to Requests for Production);
   d. The witness's qualifications, including a list of all publications authored in the previous ten years;
   e. A list of all other cases in which, during the previous 5 years, the witness testified as an expert at trial or by deposition;
   f. A statement of the compensation to be paid for the study and testimony in the case.

4. For all photographs relating to this case which are in the possession of the Defendant or the Defendant's counsel, please provide:
   a. A brief description of the content of the photograph;
   b. The date the photograph was taken;
   c. The name, address and employer of the person who took the photograph.

5. State separately each fact of which the Defendant or the Defendant's attorney, has knowledge, or plans to use as evidence against the Plaintiff. For each separate fact identify the following:
   a. The individual's name, address, and telephone number who will testify to this fact;
   b. The source of the fact to which this individual will testify; and
   c. Any documents which support the allegations.

6. Were any statements (oral or written) concerning the incident made to you, any police officer, private investigator, insurance company agent or adjuster, or anyone else? If so, state:
   a. The name, address and employer of the person to whom the statement was made;
   b. The date of each statement;
   c. Whether the statement was oral or written, and if oral, whether it was recorded;
   d. The name and address of the custodian(s) of each statement.

7. Has the freezer in the area that is the subject of this action ever been repaired and/or replaced and/or altered in any manner? Please provide the names and addresses of any contractors, sub-contractors, employees, or anyone else who worked on either, the dates of the work, the reason for the work, and the nature of the work.

8. Please identify all video cameras on Defendant's premises at the time of the fall and within how many feet of the fall they captured film. If no cameras, so state.

9. Describe with particularity exactly what occurred in the ten minutes prior to the incident which is the subject of the above action (hereinafter referred to as "the incident"), what occurred during the incident, and what occurred in the ten minutes after the incident, including anything said by or to you or one of your agents or employees.

10. State what you, or any of your agents or employees saw happen with respect to the incident and what you or any one of your agents or employees did to assist Plaintiff after the incident.

11. Other than this incident, has any person reported slipping and/or tripping and/or falling in the area where this incident occurred during the five-year period prior to the date of this incident, up to present day? If so, as to each such reported slip and/or trip and/or fall

incident, please provide the following information:
   a. The date of each such incident;
   b. A brief description of each such incident, including the type of surface on which the person involved in each such incident slipped and/or tripped and/or fell;
   c. A brief description of the injuries suffered by any person involved in each such incident;
   d. Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, and a summary of the disposition of each such claim or lawsuit.

12. During the five-year period before this incident, did you receive any reports and/or complaints with regard to wet and/or slippery floors on the premises? If so, please state:
   a. The date of such complaint and/or report;
   b. Whether or not you have or maintained any documentary material of any kind or nature relating or referring to such complaints and/or reports;
   c. What action, if any, was taken by you with respect to such complaint and/or report

13. If anyone investigated this matter for you, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement. "Investigators" is deemed to include, but is not limited to, medical experts, private investigators, and/or insurance adjusters.

14. Do you believe or have any information tending to show that the injuries to the plaintiff were due to any cause other than the cause referred to in the complaint? If so, state:
   a. Each fact on which the defendant bases this claim and all information within the Defendant's knowledge that tends to show alleged negligence on the part of the Plaintiff;
   b. The name, address, and telephone number of each person having personal knowledge of the facts and information set forth in the answer to this interrogatory.

15. Do you believe or have information tending to show that the injuries claimed to have been sustained by Plaintiff were caused or contributed to by any negligent act or omission on the part of any person not named as a defendant in this action? If so, state:
   a. The name, address, and telephone number of each person;
   b. The nature of each negligent act or omission and the manner in which it was allegedly committed or omitted;
   c. The name and address of each person who has personal knowledge of any information concerning each negligent act or omission on the part of such person.

16. Does the Defendant conduct Safety Meetings pertaining to customer safety for their store

located at 4 Bluffton Road, Bluffton, SC 29910? If so, state:

    a.  The frequency of these meetings (i.e. weekly, bi-weekly, monthly, annually, etc.)

    b.  The specific dates of these meetings were held from May 1, 2021, through July 1, 2022;

    c.  The names and addresses of each person who attended these meetings during the period of May 1, 2021, through July 1, 2022;

    d.  Whether you have maintained any documentary materials, video and/or audio relating to these meetings during the period of May 1, 2021, through July 1, 2022.

Respectfully Submitted,

GUS ANASTOPOULO LAW FIRM, LLC

*s/Gus Anastopoulo*
Gus A. Anastopoulo, Esquire
S.C. Bar No.: 103713
215 East Bay Street, Suite 403A
Charleston, SC 29401
(843) 310-5555
gus@guslawsc.com
*Attorney for the Plaintiff*

Charleston, South Carolina
July 29, 2022

IN THE STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
COUNTY OF BEAUFORT            )    FOR THE 14TH JUDICIAL CIRCUIT
                                   CASE NO: 2022-CP-07-01388

GLORIA BRADLEY-HACKETT,

               Plaintiff,

     v.                 **PLAINTIFF'S FIRST REQUESTS FOR**
                         **PRODUCTION TO DEFENDANT**

WAL-MART STORES EAST, LP, d/b/a
WALMART SUPERCENTER #6395,

              Defendant.

**TO:    THE ABOVE NAMED DEFENDANT, AND ALL COUNSEL OF RECORD:**

The Plaintiff GLORIA BRADLEY-HACKETT, (herein referred to as "Plaintiff") pursuant

to Rule 34 of the South Carolina Rules of Civil Procedure, hereby requests that the Defendant

WAL-MART STORES EAST, LP d/b/a WALMART SUPERCENTER #6395, (herein referred to

as "Defendant") responds within thirty (30) days after the service hereof to the following request,

to wit, that the Defendant produce and permit the Plaintiff to inspect, copy or photograph each of

the following documents or things, which may be in the possession, custody or control of the

Defendant or their attorneys.

## DEFINITIONS AND INSTRUCTIONS

A.    These requests are deemed to be continuing, such as to require Defendant to file and serve
        supplemental answers should it learn of additional information called for by these requests
        between the time of trial and the time its answers are filed.  Said supplemental answers are
        required to be served within a reasonable time after the discovery of such additional
        information.

B.    You are under a duty to promptly amend prior responses to these requests if you obtain
        information upon the basis of which you know the response was incorrect when made or
        you know the response, though correct when made, is no longer true.

C.    "You", or "your" means Defendant Wal-Mart Stores East, LP d/b/a Walmart Supercenter
        #6395, its agents, partners, accountants, servants, employees, assignees, lessees, affiliates

or anyone acting on their behalf, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

D.    "Person" means natural persons, corporations, partnerships, sole proprietorships, associations, federations, government agencies, or any other kind of entity.

E.    "Identify" when used with respect to an individual, means to state the person's full name and any aliases now or previously used by such person, to state and identify the person's present occupation and principal business affiliation and any other business affiliations; present home address and business address or addresses; and present and past business affiliations or relations including those (if any) with any of the parties to this civil action.

F.    "Identify" when used in reference to a person (as defined above) other than a natural person, means to state its full name; the nature of its organization including the name or the state under which it was organized; its address(es); the address(es) of its principal place(s) of business; its principal line(s) of business; and identify all known natural persons who serve as officers, directors, partners, owners, or in other supervisory or ownership capacity in said organization.  If any of the above information is not available to Defendant, state any other available means of identifying such person.

G.    "Defendant" shall refer to Wal-Mart Stores East, LP d/b/a Walmart Supercenter #6395, its agents, partners, attorneys, accountants, servants, employees, assignees, lessees, affiliates or anyone acting on its behalf, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

## DOCUMENTS REQUESTED

1.    All documents identified in answers to the Interrogatories of the Plaintiff.

2.    All documents referred to in preparing the answer to the Interrogatories of the Plaintiff.

3.    All photographs, videotapes, maps, plats, drawings, diagrams, measurements, surveys, or other descriptions related in any way to the subject matter of this action, made either before or after the incident that is the subject of this action.

4.    Any and all documents or other tangible items, including books, records, reports, photographs, moving pictures, videotapes, drawings, charts, maps, diagrams, models, or other documentary materials or tangible objects that the Defendant intends to rely upon to support the Defendant, and or which the Defendant intends to offer into evidence as exhibits or use as demonstrative aids at the trial of this

action.

5. All statements of any witnesses in the possession of the Defendant or the Defendant's attorney, whether written or recorded on a tape recorder or otherwise, that relates to the matters alleged in the Plaintiff's Complaint or the Defendant's Answer.

6. All memoranda, notes, diagrams, reports, photographs, e-mails, computer data or documents, video tapes and audio tapes, or other materials relating in any way to the matters alleged or referred to in the Complaint, any injuries or damages claimed, and any defenses raised or which could reasonably be raised. As part of this production, this should include all photographs, video tapes and audio tapes of the Defendant participating in any activity or event on or after the date of the accident/incident.

7. To produce or permit the Plaintiff or the Plaintiff's attorney to inspect, to photograph, and otherwise copy all photographs, plats, or diagrams, the Defendant or the Defendant's attorney may have in which relate to the matter alleged herein.

8. Any documents (as defined in S.C.R.C.P. 34 (a)), and tangible things of whatever nature and description which you intend to introduce into evidence or to use as impeachment or evidence at the trial of this case.

9. The most recent resume or curriculum vitae of any experts that will be used at trial or in preparing documents in response to this or other inquiries by the Plaintiff.

10. Results from any tests ordered by the Defendant or any expert that is used to support the position of the Defendant.

11. Receipts of all transactions with the experts used in trial preparation including receipts for payment for services.

12. A copy of all non-privileged documents relating to any pending civil matter involving the Defendant in any manner.

13. A copy of any employee records from date that is subject of this action, including but not limited to timesheets, employee logs, staff lists, and employee reports.

14. A complete copy of any insurance policies, including the declarations page, for any policies that might provide coverage to Defendant for the allegations contained in the Complaint.

3

15.    A copy of any video recorded on the date that is subject of this action at Defendant's premises, whether or not it recorded the actual incident.

16.    Maintenance, inspection, repair records, and work orders regarding the freezer in the aisle where the subject incident occurred for the day of the incident, and one year preceding the incident.

17.    Any daily inspection logs, reports, or lists for subject premises for day of incident and one year preceding the incident.

18.    Any photographs, movies, and/or videotapes of the area involved in the incident or Plaintiff's injuries and/or which reflect the scene of the incident, immediately before incident, or for two days after the incident.

19.    All maintenance invoices in the possession, custody or control of Defendant or its agents, attorneys, investigators, or insurance carriers regarding the freezer in the aisle subject to the incident.

20.    Any and all training manuals and/or videos used in training of employees.  This includes general employment, management manuals, or videotapes concerning safety generally or machinery operating guidelines, rules or regulations.

21.    All OSHA or South Carolina Department of Labor records or documents in regard to premises safety including records from one year prior to the incident subject of this action, and to present.

22.    Any and all documents, reports, audits or other documents provided to Defendant by their insurance carrier or any insurance carrier regarding risk management, improvement and safety related issues.  This request encompasses and includes any insurance company, agent, consultant, or safety related entity that has inspect Defendant's premises to determine if they had any safety issues which could be corrected or improved.

23.    Any documents, audio and/or video recordings, minutes, reports from all safety meetings for Defendant's premises from August 1, 2020 through August 1, 2021.

24.    Any incident reports, documentation, or otherwise for all incidents involving injury to a customer on Defendant's premises from July 1, 2021 through July 31, 2021

25.    Any other documents, videos, photographs, or other tangible things (other than checks) provided to your insurance carrier or attorneys regarding this incident

whether specifically requested above or not. **If you intend to claim a privilege on any of these particular documents please see below but note that just because you produce something to an attorney does not make it privileged.**

## PRIVILEGE

For each document that would be required to be produced but for a privilege asserted against producing it, set forth:

a) The date the document was generated

b) The type of document (e.g., letter, memorandum, record, etc.)

c) The name of the person who prepared the original

d) The name and address of the person who received the original

e) The name and address of anyone who received a copy

f) A general description of the information recorded in the document

g) The ground on which production is objected to

h) The name of each person, in addition to those identified in 8 through (e) of this subpart, known to have seen or have access to the document, and

i) The name of the person who now possesses the document.

## DOCUMENTS NO LONGER IN EXISTENCE OR NO LONGER CONTROLLED OR POSSESSED

If any requested document existed at one time in the possession, custody, or control of any party but has been lost, discarded or destroyed, or removed from the party's possession, custody or control, indicate for each such document:

a) Its identity (i.e., a description of its contents its date, title, and type of document)

b) When it was most recently in the possession, custody or control of the party and what

c) Identify any person who currently possesses the document.

d) State whether the document was transferred or destroyed.

e) State the person who transferred or destroyed the document and the person

who authorized or knows of its transfer or destruction.

f)      State the reason the document was transferred or destroyed, and

g)      Identify, by providing name, address, and daytime telephone number, all

persons having knowledge or the contents of each document.

GUS ANASTOPOULO LAW FIRM, LLC

*s/Gus Anastopoulo*

Gus A. Anastopoulo, Esquire
S.C. Bar No.: 103713
215 East Bay Street, Suite 403A
Charleston, SC 29401
(843) 310-5555
gus@guslawsc.com
*Attorney for the Plaintiff*

Charleston, South Carolina
July 29, 2022